IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLOWE BROWN,

   Petitioner,       No. CIV S-09-3241 JAM DAD P

 vs.

RICK HILL, Acting Warden,

   Respondent.      <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

   Petitioner, a state prisoner proceeding pro se, has filed a third amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 2, 2010, the undersigned ordered respondent to file and serve a response to the petition. On May 27, 2010, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

   On June 10, 2004, a Sacramento County Superior Court jury found petitioner guilty of attempted murder, infliction of corporal injury upon a cohabitant, and assault with a deadly weapon. The trial court found that petitioner had suffered two prior serious felony convictions and sentenced him to a term of twenty-five years to life plus sixteen years in state

prison. On July 6, 2005, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction. On September 21, 2005, the California Supreme Court denied review. (Resp't's Lodged Docs. 1-4.)

Petitioner subsequently filed seven petitions seeking habeas corpus relief in state court. Under the mailbox rule[1], on December 28, 2005, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court which was denied on February 28, 2006. On April 22, 2006, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on May 11, 2006. On July 2, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on February 7, 2007. On February 20, 2008, petitioner filed a second petition for writ of habeas corpus in the California Supreme Court which was denied on July 30, 2008. On December 1, 2008, petitioner filed a second petition for writ of habeas corpus in the Sacramento County Superior Court which was denied on January 6, 2009. On February 17, 2009, petitioner filed a third petition for writ of habeas corpus in the Sacramento County Superior Court which was denied on April 8, 2009. Finally, on April 27, 2009, petitioner filed a third petition for writ of habeas corpus in the California Supreme Court which was denied on September 9, 2009. (Resp't's Lodged Docs. 5-18.)

On November 18, 2009, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court. The court dismissed the petition with leave to amend due to his failure to name a proper respondent. Although petitioner filed an amended petition, the court subsequently dismissed it for failure to name the proper respondent and also dismissed petitioner's second amended petition due to his failure to clearly state the nature of his claims, again with leave to file a third amended petition. On March 18, 2010, petitioner filed his third amended petition now pending before the court.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

**RESPONDENT'S MOTION TO DISMISS**

I. <u>Respondent's Motion</u>

Respondent moves to dismiss the pending petition, arguing that it is time-barred. Specifically, respondent argues that on September 21, 2005, the California Supreme Court denied petitioner's petition for review, causing his judgment of conviction to become "final" on December 20, 2005, after the time for filing a petition for writ of certiorari expired. Respondent argues that the one-year statute of limitations for the filing a federal habeas petition began to run the following day, on December 21, 2005, and expired one year later on December 20, 2006. (Resp't's Mot. to Dismiss at 4.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations period. Respondent concedes that petitioner is entitled to tolling for the pendency of this first through third state habeas petitions. However, respondent argues that even granting petitioner 406 days of tolling, the statute of limitations for the filing of his federal habeas petition expired on January 30, 2008. Petitioner did not file his federal habeas petition until November 19, 2009. Accordingly, respondent maintains that the petition is untimely and must be dismissed with prejudice. (Resp't's Mot. to Dismiss at 4-5.)

Respondent acknowledges that petitioner filed four subsequent habeas petitions in state court. However, respondent argues that petitioner is not entitled to tolling for the period of time his fourth, fifth, sixth, and seventh petitions were pending in the state courts because, <u>inter alia</u>, the Sacramento County Superior Court and the California Supreme Court denied those petitions as untimely. Respondent contends that untimely petitions submitted in state court are not "properly filed," and therefore cannot serve to toll the AEDPA statute of limitations period. (Resp't's Mot. to Dismiss at 5.)

/////

/////

II. Petitioner's Opposition

In opposition to respondent's motion to dismiss, petitioner argues that he has been denied his constitutional rights and is entitled to habeas relief on the claims in his petition. Petitioner reiterates his substantive claims that he was denied effective assistance of counsel in state court and that he was not allowed to testify at trial. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-3.)

III. Respondent's Reply

In reply, respondent argues that petitioner's opposition is largely unresponsive to the pending motion to dismiss. In this regard, respondent contends that petitioner does not necessarily disagree that the court is precluded from considering the merits of his petition. Instead, petitioner merely re-argues the merits of his claims. For the reasons discussed above, respondent argues that petitioner's petition is untimely and should be dismissed with prejudice. (Resp't's Reply at 1-3.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

    As noted above, on June 10, 2004, a Sacramento County Superior Court jury found petitioner guilty of attempted murder, infliction of corporal injury upon a cohabitant, and assault with a deadly weapon. The trial court also found that petitioner had two prior serious felony convictions and sentenced him to a term of twenty-five years to life plus sixteen years in state prison. On July 6, 2005, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction. On September 21, 2005, the California Supreme Court denied review. (Resp't's Lodged Docs. 1-4.)

    For purposes of federal habeas review, petitioner's conviction became final on December 20, 2005, ninety days after the California Supreme Court denied his petition for review. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on December 21, 2005, and expired one year later on December 20, 2006. Even with application of the mailbox rule, petitioner did not file his original federal habeas petition with this court until November 18, 2009. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

/////

III.  Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner filed seven petitions seeking habeas corpus relief in state court.  Even assuming, as respondent concedes, that petitioner is entitled to tolling for the time that his first through third habeas petitions were pending before the Sacramento County Superior Court, the California Court of Appeal and the California Supreme Court, petitioner is not entitled to tolling for the subsequent period of time during which his fourth, fifth, sixth, and seventh state habeas petitions were pending because the state courts denied those petitions as untimely with specific citation to the decision in In re Robbins, 18 Cal. 4th 770, 780 (1998) along with other authority.  (Resp't's Lodged Docs. 12, 14, 16 & 18.)  See White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010) ("tolling under section 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards"), cert. denied, __ U.S. __, 2010 WL 2998204 (U.S. Oct. 4, 2010); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (a state habeas corpus petition denied with a citation to "the very page of Robbins that sets forth 'the basic analytical framework' governing California's timeliness determinations in habeas corpus proceedings" is a clear ruling that the state petition was untimely and not properly filed for purposes of statutory tolling); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (habeas

petitioner not entitled to statutory tolling if "it is clear that the [state] court was denying [the] petition as untimely"), amended by 439 F.3d 993 (9th Cir. 2006).  During the time petitioner's untimely fourth, fifth, sixth, and seventh state habeas petitions were pending, more than a year elapsed.  Accordingly, by the time petitioner filed his original federal habeas petition on November 18, 2009, the AEDPA statute of limitations for doing so had long-since expired, rendering his federal habeas petition time-barred.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 27, 2010 motion to dismiss (Doc. No. 18) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 8, 2010.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brow3241.157